IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN ATKINS, #R-33561, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 12-cv-951-JPG |
| | ) |
| VANDALIA CORRECTIONAL | ) |
| CENTER and THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, who was recently discharged from the Vandalia Correctional Center ("Vandalia") on mandatory supervised release (Doc. 5), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in Vandalia, and he filed this action while he was still incarcerated. Plaintiff claims that the Defendants' failure to provide him with addiction treatment was a breach of contract and violated the Eighth Amendment. More specifically, Plaintiff claims that on September 30, 2011, he was transferred from the Cook County Department of Corrections to Stateville Correctional Center ("Stateville") in order to serve a three-year sentence in the custody of the Illinois Department of Corrections ("IDOC") (Doc. 1, p. 4). During the IDOC intake processing at Stateville, a counselor determined he was eligible to receive substance abuse treatment while in IDOC custody. Plaintiff then signed an "Agreement to Enter into Substance Abuse Treatment" (Doc. 1, pp. 5, 17). On October 13, 2011, he was transferred from Stateville to Vandalia. Soon thereafter, he learned that substance abuse

treatment was not available at Vandalia.  He immediately sought a transfer to an institution where treatment could be provided, and filed grievances over the issue.

While at Vandalia, Plaintiff learned that his sentencing judge had neglected to enter a stipulated court order recommending substance abuse treatment (Doc. 1, p. 7-8).  He moved to withdraw his guilty plea, and on November 17, 2011, was resentenced with the court recommendation he had sought (Doc. 1, p. 29).  However, Plaintiff was never provided with any substance abuse treatment for the duration of his sentence.  He was released on July 25, 2012.  Plaintiff seeks compensatory damages for the breach of contract and for violation of the Eighth Amendment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  For purposes of this review, the Court finds it convenient to divide the pro se action into two counts.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

**Count 1 - Breach of Contract**

In order to state a claim under 42 U.S.C. § 1983, a complaint must describe a violation of a right "secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiff claims that Defendants breached their contract with him when they refused to place him in a prison offering the substance abuse treatment he agreed in writing to undergo.  Whether or not this agreement would be considered a binding contract, it is clear that an action for breach of contract belongs in state court.  Seventh Circuit case law has long established that, even where a unit of state or local government has breached a contract, such a

breach does not give rise to a federal constitutional claim. *Taake v. Cnty. of Monroe*, 530 F.3d 538, 540-41 (7th Cir. 2008); *Garcia v. Kankakee Cnty. Hous. Auth.,* 279 F.3d 532, 535 (7th Cir. 2002); *Sudeikis v. Chicago Transit Auth.,* 774 F.2d 766, 770 (7th Cir. 1985). Contract law is a creature of state law, not federal law. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 991-92 (7th Cir.2007). Accordingly, Plaintiff's breach of contract claim shall be dismissed without prejudice, so that it may be brought in state court if Plaintiff chooses to do so.

**Count 2 - Eighth Amendment**

Plaintiff also asserts that the failure to provide him with the agreed-upon substance abuse treatment violated the Eighth Amendment. However, he fails to explain further how this constitutional provision may be implicated. Assuming that Plaintiff means to contend that Defendants were deliberately indifferent to a serious medical need, the complaint fails to state a § 1983 claim for an Eighth Amendment violation. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

To meet the first component of a deliberate indifference claim, Plaintiff must allege a medical condition that is "objectively, sufficiently serious;" that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)

(citations omitted).  Plaintiff's "medical condition" is that he apparently has a history of substance abuse, which presumably contributed to his criminal behavior.  While acute withdrawal from drugs can be considered a serious medical condition, *see Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512-13 (7th Cir. 2005), Plaintiff gives no indication that he was suffering from any physical or mental symptoms that required treatment at any time during his incarceration.  Further, he does not describe any harm to him as a result of the failure to provide substance abuse treatment.  A conclusion by a social worker that an inmate could benefit from participation in a substance abuse program is not the same as a physician's diagnosis that medical treatment is required.  Thus, Plaintiff's allegations are not sufficient to show that he suffered from an objectively serious medical condition.

Additionally, Plaintiff must allege the subjective component of a deliberate indifference claim; that is, officials knew of and disregarded an excessive risk to his health.  *Greeno*, 414 F.3d at 653 (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  As noted above, the complaint fails to indicate that Plaintiff faced *any* risk of harm.  Moreover, he never mentions any individual prison official who had the requisite knowledge of an excessive health risk to Plaintiff, and then acted or failed to act in disregard of such a risk.  The only named Defendants are the Vandalia Correctional Center and the Illinois Department of Corrections, both agencies of the state.  Neither of these is a proper Defendant in a deliberate indifference claim.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Plaintiff has failed to state a constitutional claim, either for the alleged breach of contract, or for deliberate indifference to a serious medical need. Accordingly, this action shall be dismissed.

Finally, Plaintiff failed to disclose his litigation history in his complaint, despite the clear instructions to list all lawsuits he has filed (Doc. 1, p. 3).[1] That omission alone would be a reason to dismiss this case. The Court relies on a party's litigation history listed in the complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). Should Plaintiff file any action in the future without complete disclosure of his previous lawsuits, including any strikes, his case may be summarily dismissed.

**Pending motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) was filed while

---

[1] In addition to the case that resulted in Plaintiff's first "strike" (*Atkins v. State of Illinois,* No. 10-cv-6986 (N.D. Ill., filed Oct. 29, 2010)), Plaintiff filed two previous actions on July 3, 2012: *Atkins v. Vandalia Corr. Ctr.*, S.D. Ill. No. 12-955-MJR, and *Atkins v. Vandalia Corr. Ctr.*, S.D. Ill. No. 12-943-GPM. He failed to disclose any of these cases in the instant complaint.

he was still an inmate.  Based on his motion and affidavit, the Court finds that he is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed IFP is **GRANTED**.  However, Plaintiff failed to provide the full 6 months of his prison trust fund account statements, for the period of January 10, 2012, through July 10, 2012.  The Clerk has requested the required statements from the Trust Fund Officer at Vandalia.  Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).

Because Plaintiff was a prisoner when he filed this action, he is obligated to pay the entire filing fee under § 1915(b)(1), which provides:  "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997).  Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his prison trust fund account.  Plaintiff's current released status does not change the fact that he was a prisoner when he brought this case. *See Robbins*, 104 F.3d at 898.  He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id*.

Although Plaintiff remains obligated to pay the full filing fee, the collection mechanism contained in § 1915(b)(2) is inapplicable because Plaintiff is no longer incarcerated.  In order to enable the Court to evaluate Plaintiff's current resources and determine whether to defer collection of the remainder of the unpaid fee, **Plaintiff is ORDERED** to submit a new motion for IFP **within 21 days** of the entry of this Order (on or before **October 3, 2012**).  This motion shall be mailed to:  Clerk of the Court, United States District Court for the Southern District of

Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail Plaintiff a blank form motion and affidavit to proceed without prepaying fees or costs.

**Plaintiff is further ORDERED** to inform this Court if he is returned to the custody of the Illinois Department of Corrections or any county or municipal jail, by filing a notice of change of address **within 7 days** of entering such custody.  Should Plaintiff be incarcerated in the future, the collection mechanism established under § 1915(b)(2) shall apply to the payment obligation that Plaintiff incurred by filing this action.

Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED AS MOOT.**

## Disposition

For the reasons stated above, this action is **DISMISSED** for failure to state a claim upon which relief may be granted.  The dismissal of **COUNT 1** is without prejudice.  **COUNT 2** is dismissed with prejudice.

Plaintiff is advised that the dismissal of this action shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).  Because two of Plaintiff's previously-filed lawsuits[2] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike."  Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a

---

[2] *Atkins v. State of Illinois,* No. 10-cv-6986 (N.D. Ill., filed Oct. 29, 2010) (strike 1, dismissed Dec. 21, 2010, for failure to state a claim upon which relief may be granted); *Atkins v.Vandalia Corr. Ctr.*, No. 12-cv-955-MJR (S.D. Ill., filed July 3, 2012) (strike 2, dismissed Sept. 10, 2012, for failure to state a claim).

filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED: September 12, 2012**

s/ J. Phil Gilbert<br>
United States District Judge